# EXHIBIT A

219638169

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF QUEENS**
-------------------------------------------------------------------X

SHIAN CRAWFORD,

                Plaintiff,

      -against-

EQUIFAX INFORMATION SERVICES LLC,

                Defendant(s).
-------------------------------------------------------------------X

Civil Action No.: 000431/2026

**VERIFIED COMPLAINT**

Plaintiff SHIAN CRAWFORD, ("Plaintiff"), by and through her attorneys, Law Offices of Stuart Werbin, as and for her Complaint against the Defendant EQUIFAX INFORMATION SERVICES LLC hereinafter referred to as "Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA").

## PARTIES

2.     Plaintiff SHIAN CRAWFORD, is a resident of the State of NEW YORK, residing in Queens County.

3.     Defendant EQUIFAX INFORMATION SERVICES LLC is a Georgia corporation.

4.     The Defendant is regularly engaged in 'the national business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 USC §1331, 1337 as well as 15 USC §1681p *et seq.* and 28 U.S.C. §2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at . length herein.

8.      The Plaintiff obtained a copy of her credit report on July 31, 2025 and noticed several accounts reporting with inaccurate information. Based on this information the Plaintiff wrote a dispute letter to the Defendant dated July 31, 2025 mailed certified disputing the following:

Dear Equifax

Please initiate an investigation on the following accounts below as they are inaccurately reporting on my credit report:

● JPMCB CARD ACCT#: 426684XXXXXXX

THIS ACCOUNT IS REPORTING INACCURATE LATE REMARKS OF 7 LATE PAYMENTS

● DEPT OF ED/ AIDVANTAGE ACCT#S: 988148XXXXXX (13 CLOSED ACCTS)

THESE 13 CLOSED GOVERNMENT STUDENT LOANS HAVE BEEN CONSOLIDATED FOR THE MAIN REASON THAT THEY WERE INDIVIDUALLY REPORTING LATE WITHOUT CORRESPONDENCE LETTING ME KNOW THAT THE LOANS WERE DUE AND IT CAUSE MY SCORES TO DEMINISH

AND ITS NOT FAIR THAT IT CAME DOWN TO THIS! I HAVE ALWAYS BEEN ON TOP OF MY LOANS AND I WAS NOT AWARE THAT THE LOANS WERE DUE. PLEASE INVESTIGATE

9. Defendant responded on August 21, 2025, with an investigation.

10. The Defendant failed to do a reasonable investigation.

11. The Plaintiff sent a second dispute letter dated October 2, 2025, with a consumer statement request and a method of verification request.

12. The Defendant replied with a letter dated October 24, 2025 but again failing to do a reasonable investigation.

13. The Defendant failed to properly investigate the disputed accounts failed to add the consumer statement and failed to provide a method of verification.

14. The Defendant pulled her credit report on Dec. 15, 2025, and the JPMCB tradeline was still inaccurately reported with a charge-off balance inconsistency

Status: Paid, Closed — $1,451 written off

Credit limit: $1,000

Highest balance: $1,451

Balance currently reported as $0

It should clearly state "Paid charge-off" with zero derogatory balance.

15. The Plaintiff was denied credit by Amex on Dec 18, 2025 as stated in their letter due to the Plaintiff's FICO score which was negatively impacted by the above inaccuracy.

16. The Plaintiff was further denied credit by Credit One based on the Plaintiff's credit score which was negatively impacted by the above inaccurate tradeline.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA)

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. 15 USC §1681i(a) Reinvestigations of disputed information

(1) Reinvestigation required

(A) In general

Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

19. The Defendant violated 15 USC §1681i(a) by failing to properly investigate the disputed accounts and respond to the Plaintiff within the required 30 day period and further to delete the account within the required 30 days.

20. The Defendant violated the Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff's credit report and credit files Defendant published and maintained. By failing to update the credit report, delete and/or remove the disputed accounts as the Plaintiff requested.

21. As a result, Defendant violated 15 USC §1681e(b), Plaintiff suffered actual

damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

22. The violation by the Defendant of 15 USC §1681e (b) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

23. After receiving the Plaintiffs dispute, Defendant negligently failed to conduct a reasonable reinvestigation as required by15 USC §1681i. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, The Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

24. Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to15 USC §1681o.

25. Defendant prepared. compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC §1681i(a). Such reports contained information about the Plaintiff that was false misleading, and inaccurate.

26. The Defendant violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving the Plaintiffs dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from the Plaintiff&#39;s credit files.

27. As a result of the Defendant violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

28. The violations by the Defendant of 15 USC §1681i(a) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

29. As a result of the Defendant's violations of 15 USC §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

30. The violations by the Defendant of 15 USC §1681i (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendant were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

31. The Defendant violated 15 USC §168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

32. The Defendant violated the Plaintiff's rights under 15 USC §1681i (a)(8)(b) by failing to include the required consumer statement under 15 USC §1681i(a)(8)(b): Statement of dispute. If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute.

33. The Defendant violated 15 U.S.C. § 1681I (6)(B)(iii) by not later than 15 days after receiving a request from the Plaintiff to provide a method of investigation description or documentation.

34. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from the Defendant(s) in an amount to be determined by the Court pursuant to 15

USC §1681n and 15 USC §1681o.

35. **WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment in the sum of $10,000.00 be entered against Defendant as follows:

A.    For statutory, actual and punitive damages provided and pursuant to the FCRA,15 U.S.C. 1681 § n (a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2);

B.    For attorneys' fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

C.    A Declaration that the Defendant's practices violated the FCRA and,

D.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: January 15, 2026
Brooklyn, New York

**Law Offices of Stuart Werbin**

By: _____
Stuart D. Werbin, Esq.
1620 Avenue I, Suite 119
Brooklyn, NY 11230
Tel (646) 942-7464
werbinlaw@gmail.com
*Attorneys for Plaintiff*

## VERIFICATION BY ATTORNEY

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF KINGS       )

I, STUART D. WERBIN, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

I am the principal attorney for the Law Offices of Stuart Werbin, attorneys for SHIAN CRAWFORD, the plaintiff in the foregoing matter, with an office located at 1620 Avenue I, Suite 119, Brooklyn, NY 11230. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

The reason why this verification is made by deponent instead of plaintiff is because plaintiff is not within the County of Kings which is the county where the deponent has his office.

Dated: January 15, 2026
Brooklyn, New York

STUART D. WERBIN, ESQ.